# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 18-1619-JFW (AFMx)**                                Date: March 5, 2018

Title:     Gerard Bezerjian -v- Ford Motor Co., et al.

---

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION

    On February 28, 2018, Ford Motor Company and Ford of Simi Valley, Inc., dba Simi Valley Ford (collectively, "Defendants") filed a Notice of Removal.  Defendants are attempting to remove an action commenced by Plaintiff Gerard Bezerjian ("Plaintiff") in Los Angeles Superior Court on October 5, 2016.  Defendants assert that this Court has subject matter jurisdiction on the basis of a pending bankruptcy proceeding in the District of Delaware.  *See* 28 U.S.C. § 1452(a).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  *Gaus v. Miles*, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, a defendant bears the burden of proving that jurisdiction exists.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

    28 U.S.C. Section 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. Section 1334.  Section 1334(b) vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."  Once a claim is removed pursuant to 28 U.S.C. Section 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  An order remanding an action pursuant to Section1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section

158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." *Id.* Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes . . . . At bottom, the question is committed to the sound discretion of the . . . judge." *McCarthy v. Prince*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999) (internal citation omitted).

In assessing whether "equitable grounds" exist to remand actions removed under Section 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

*In re TIG Ins. Co.*, 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001) (citing *W. Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D. Cal.1988)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

In this case, Defendants claim that the Court has jurisdiction under Section 1452 because Defendants are entitled to indemnity from TK Holdings, Inc., which has commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. However, even if the Court may have jurisdiction over the action, the Court concludes that equitable grounds support remand.

Plaintiff, a local California resident, brought suit against Defendants relating to allegedly defective airbags installed in a car that he purchased. Plaintiff does not assert any claims against Takata, the airbag manufacturer. Plaintiff commenced his state court action and served Defendant Ford Motor Company well before Defendants asserted their claims against TK Holdings, a Takata entity, and before TK Holdings filed for bankruptcy. *See* Notice of Removal. Plaintiff asserts only California state-law claims against Defendants, and Defendants' claims against TK Holdings also are based in state law. *See Estate of Scott v. Cervantes*, 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity . . . favors remand."); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law."). Additionally, Defendants' claims against TK Holdings could have been brought independently of Plaintiff's action. Under these circumstances, the Court concludes that it would be inequitable to require Plaintiff to litigate his case in federal court.

For all of the foregoing reasons, this action is hereby remanded to the Los Angeles County

Superior Court, Case No. BC636099.

    IT IS SO ORDERED.